NEW JERSEY TERRA COTTA COMPANY, RESPONDENT, v. GOODMAN WAREHOUSE CORPORATION, APPELLANT.

Argued May 21, 1926—Decided October 18, 1926.

A controversy respecting the quality of certain terra cotta, supplied by plaintiff to defendant, under a written contract, having arisen, a conference was held, as a result of which defendant wrote a letter to plaintiff, proposing to allow a certain sum for the defective material, and to deliver some additional material, the defendant to pay a certain sum to the plaintiff, and the letter concluded that no further claim for damages should be made under the written contract. Defendant answered this letter, accepting the proposed allowance for defective material and stating in what manner the sum named in plaintiff's letter should be paid. Plaintiff delivered the additional material, and defendant paid a portion of the sum agreed upon, but did not pay the balance. *Held*, that the letters exchanged between the parties constituted a substitute for the previous contract, thereby creating the legal status of novation, and that the legal effect of the letters presented a question of construction for the court.

On appeal from the Hudson County Circuit Court.

For the respondent, *McDermott, Enright & Carpenter.*

For the appellant, *Nathan L. Goodman* and *Aaron A. Melniker.*

The opinion of the court was delivered by

MINTURN, J.   The appeal is from a judgment rendered upon a verdict in favor of the plaintiff for the sum of $947 in the Hudson Circuit.

In August, 1922, the parties hereto entered into a written contract whereby the plaintiff was to supply tile or terra cotta to the defendant, to be used in the construction of a certain warehouse building, the material so supplied to be satisfactory to the architect in charge.   Excepting seventy pieces all the terra cotta contracted for had been supplied when the architect discovered that the material delivered did not comply with the specifications, and as a result the undelivered material was rejected.   A controversy thereafter arose between the parties, and conferences were held, with the result that on February 19th, 1923, the plaintiff caused a letter to be written to the defendant, in which it was proposed to allow $1,250 for defective material supplied, and plaintiff was to deliver ten pieces of terra cotta as soon as possible, for which the defendant was to pay approximately $4,800, representing eighty-five per cent. of the contract price, $843 to be paid after complete delivery had been made. The letter concluded "no further claim shall be made under the contract of August 4th, 1922, or otherwise, by you for damages, delays or any other cause, and all previous agreements, whether written or verbal, hereby stand canceled."

The defendant on March 8th answered this letter by another, in which it accepted the $1,250 allowance, and provided for the manner in which the check for $4,800 should be delivered.   The check for $4,781.25 was paid to plaintiff pursuant to this agreement, but although the delivery of the terra cotta was fully made the agreed balance of $843.73 was not made, and this suit was instituted to recover it, with interest.

The fundamental contention here is that the trial court erred in construing these letters as a new contract between the parties.   The rule is indubitably settled that the legal effect of the letters presented a question of construction for the court, and we deem the ruling of the learned trial court

correct in holding that together the letters constituted a substitute for the previous contract, and thereby created a legal status of novation. *Moorecraft* v. *Allen*, 78 *N. J. L.* 729; *Parsons Manufacturing Co.* v. *Hamilton Co., Id.* 309.

The contention that the learned trial court erred in its charge to the jury is insubstantial, since no exception was entered as a basis for our criticism of the charge.

The judgment will be affirmed.

*For affirmance*—The Chief Justice, Trenchard, Parker, Minturn, Kalisch, Black, Katzenbach, Campbell, White, Gardner, Van Buskirk, McGlennon, Kays, Hetfield, JJ. 14.

*For reversal*—None.